CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 18 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MIKINA JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MEGAN J. BRENNAN, | ) | By: Hon. Jackson L. Kiser |
| Postmaster General, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Megan J. Brennan's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), and Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. [ECF Nos. 15 & 21]. The matter was fully briefed by the parties and, on March 14, 2019, I heard oral arguments from the parties. I have reviewed the pleadings and applicable law. For the reasons stated herein, I will grant Defendant's Motion to Dismiss.

## I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

This case had a long and tortured procedural history before ever making it to this court. That history is adequately set forth in Defendant's memorandum in support of its Motion to Dismiss/Motion for Judgment on the Pleadings [ECF No. 16] and need not be repeated here. As is relevant to my decision, however, the facts are as follows.

Plaintiff was on staff at the Post Office in Bassett, Virginia, as a flexible window clerk when, on March 18, 2008, she was injured on the job. Over the course of the next several years, Plaintiff was involved in a dispute with the Post Office over whether and to what extent she was entitled to a limited-duty assignment following her injury. In November of 2010, Plaintiff received

a letter which stated, in part, that her limited-duty assignment was "made permanent on 3/23/2010 . . . ." This, Plaintiff contends, enshrined in perpetuity her entitlement to a limited-duty assignment. Defendant maintains that single sentence was "an error" by the Department of Labor's Office of Worker's Compensation Program ("DOL-OWCP"), and that at no point in time was Plaintiff placed in a limited-duty assignment for the rest of her employment with the United States Postal Service ("USPS").

On June 23, 2017, Postmaster of the Bassett post office Babette Lee sent Plaintiff a letter withdrawing her limited-duty work assignment because Plaintiff's limited schedule and duties "no longer met the needs of the" postal service. Lee emphasized, based on past determinations, that the DOL-OWCP did not consider Plaintiff to have suffered from a work-related injury after August of 2011, and that the limited-duty work assignment she had enjoyed after that date was not required.

In the months before and after receiving the letter from Postmaster Lee, Plaintiff and the District Reasonable Accommodation Committee ("DRAC") worked together to get updated medical information from Plaintiff and to try to find an accommodation that would suit her professed medical limitations. They were unable to do so, partly because Plaintiff failed to respond to various inquiries from the DRAC. Plaintiff thereafter filed an application for disability retirement, effective as of September 2, 2017.

Plaintiff contacted the USPS Equal Employment Office ("EEO") on September 11, 2017, and complained that Postmaster Lee's withdrawal of Plaintiff's limited-duty assignment was "handicap discrimination." On October 10, Plaintiff filed a formal Complaint of Discrimination with the USPS EEO. That claim was ultimately dismissed, pursuant to 29 C.F.R. § 1614.107(a)(2),

because it was filed more than 45 days after the alleged discriminatory act. Plaintiff appealed that decision but, before action was taken on her appeal, she filed suit in this court.

Plaintiff filed her Complaint on May 22, 2018, alleging that Postmaster Lee subjected Plaintiff to "ongoing harassment due to disability, defamation, production of hostile work environment, fraudulent statements to OWCP [Office of Workers Compensation Program], chose to ignore an LWEC [Lost Wage-Earning Capacity] on 11-17-2010." [Compl. ¶ B, May 22, 2018 [ECF No. 2].) On December 13, 2018, Defendant filed a Motion to Dismiss for Lack of Jurisdiction, Motion for Judgment on the Pleadings, and Motion for Summary Judgment [ECF No. 15]. Because of the government shutdown, which lasted from December 22, 2018, through January 25, 2019, this case was stayed. Defendant filed a second Motion for Summary Judgment on the same day it requested a stay, December 26 [ECF No. 21]. Plaintiff requested additional time to respond to Defendant's motions [ECF No. 23]; that request was granted [ECF No. 30], and Plaintiff responded. I heard oral arguments on the motions on March 14, 2019. After reviewing the extensive pleadings of the parties and the applicable law, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Plaintiff, who is proceeding *pro se*, is entitled to a certain level of deference in her pleadings by virtue of her status as an unrepresented litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the requirement of liberal construction [of pleadings for *pro se* parties] does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists." Knowles v. S. C.D.C., No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010).

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, Case No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768). An allegation that a plaintiff has failed to exhaust her administrative remedies as required by law is properly considered under Rule 12(b)(1). See Jones v. Calvert Group, LLC, 551 F.3d 297, 301 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies . . . deprives the federal courts of subject matter jurisdiction over the claim").

### III.  DISCUSSION

Plaintiff claims that, when she received the Lee letter and was no longer offered a limited-duty assignment, that action constituted discrimination on the basis of a disability in violation of the Rehabilitation Act. "The basic tenet of the Rehabilitation Act of 1973, which governs employee claims of disability discrimination against the federal government, is that the government must take affirmative steps to accommodate the handicapped, except where undue hardship would result." Nanette v. Snow, 343 F. Supp. 2d 465, 472 (D. Md. 2004) (citing 29 C.F.R. § 1614.203; Barth v. Gelb, 2 F.3d 1180, 1183 (D.C. Cir. 1993)). "The law prohibits discrimination against 'a qualified individual with a disability' with respect to 'job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment.'" Id. (quoting 42 U.S.C. § 12112(a). To succeed on a claim under the Rehabilitation Act, a plaintiff must prove: "(1) that [s]he has a disability; (2) that [s]he is otherwise qualified for the employment or benefit in question; and (3) that [s]he was excluded from the employment or benefit due to discrimination solely on the basis of disability." Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995).

"Federal employees . . . who seek to enforce their rights under . . . the Rehabilitation Act must exhaust their available administrative remedies *before* pursuing an action in federal court." Melendez v. Sebelius, 61 F. App'x 762, 763 (4th Cir. 2015) (citing 29 U.S.C. § 794a(a)(1)). This includes complying will all applicable filing deadlines. See Emmert v. Runyon, No. 98-2027, 1999 WL 253632 (4th Cir. Apr. 29, 1999); Stores v. Brennan, No. 7:16cv00088, 2016 WL 4939362, at *3 (W.D. Va. Sept. 14, 2016).

The Equal Employment Opportunity Commission ("EEOC") has set the administrative remedies a federal employee must exhaust before filing suit. Belgrave v. Pena, 254 F.3d 384, 386 (2nd Cir. 2001). "Aggrieved persons who believe they have been discriminated against on the basis of . . . disability . . . *must* consult with a Counselor prior to filing a complaint in order to try to informally resolve the matter. An aggrieved person *must* initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (emphasis added). If the complaint is not resolved during this informal counseling session, the employee must "file a formal written administrative complaint (EEO complaint) within 15 days of receipt of the EEO counselor's notice of . . . right to file a formal complaint (EEO notice)." Belgrave, 254 F.3d at 386 (citing 29 C.F.R. § 1614.106(a) & (b)). The failure to comply with these time limits "constitutes grounds for dismissal" of a Rehabilitation Act in federal court. Blount v. Shalala, 32 F. Supp. 2d

339, 341 (D. Md. 1999), aff'd 199 F.3d 1326 (4th Cir. 1999); see also Altman v. McHugh, No. 5:11cv00061, 2012 WL 1190271, at *7 (W.D. Va. Apr. 9, 2012), aff'd 478 F. App'x 762 (4th Cir. 2012).

In the present case, Plaintiff failed to initiate her contact with an EEO counselor within 45 days of the allegedly discriminatory act—the Lee letter. The evidence before the court establishes that the Lee letter was written on June 23, 2017, and Plaintiff did not contact an EEO counselor until September 11, 2017, eighty (80) days later. In the absence of a showing of waiver, estoppel, equitable tolling, or some other grounds to excuse her failure, see 29 C.F.R. § 1614.105(a)(2), Plaintiff's failure to engage in informal counseling within 45 days of the Lee letter mandates dismissal of her claim.

This decision, admittedly, seems to elevate form over substance. But "'[b]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). And "[t]his requirement of timeliness . . . begins before a plaintiff files a formal charge with the EEOC," Altman, 2012 WL 1190271, at *7, and includes the 45-day window to contact the EEO counselor. See Baker v. McHugh, 672 F. App'x 357, 360–61 (5th Cir. 2016) (holding that, although not a jurisdictional bar, failure to comply with the 45-day requirement is grounds for dismissal); Teemac v. Henderson, 298 F.3d 452, 454 (5th Cir. 2002) ("Federal employees must seek informal counseling before they file an EEOC complaint. If the employee fails to do so, his claim is barred." (internal citation omitted)). Because Plaintiff filed to do so, this court lacks jurisdiction to hear her claim of discrimination based on the Lee letter. Accord Ali v. State of Md., No. 94-1683, 48 F.3d

1215, 1995 WL 88955, at *2 (4th Cir. Mar. 6, 1995) ("[F]ailure to timely file a charge of discrimination with the EEOC prohibits a federal court action on that claim.").

The same result must inure to any other claim of discrimination as well. Even assuming Plaintiff has established a hostile work environment because of her disability (see Compl. ¶ B), she has failed to establish that claim was ever presented to the EEO counselor. Absent exhaustion of administrative remedies, that claim may not be entertained by this court.

Turning to Plaintiff's claim of defamation, "[t]he Federal Tort Claims Act provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted [her] administrative remedies." McNeil v. United States, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 3675(a)). There is no evidence that Plaintiff ever presented her claim of defamation to an "appropriate Federal agency," or that any such claim has been "finally decided by the agency in writing . . . ." 28 U.S.C. § 3675(a). Accordingly, her action is barred.[1] See McNeil, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

---

[1] I am also persuaded by Defendant's argument that Plaintiff's claim of defamation is subject to the FTCA's intentional torts exception, meaning that the Government has not waived its sovereign immunity to claims of defamation. See Johnson v. Carter, 963 F.2d 1316, 1323 n,9 (4th Cir. 1993), overruled on other grounds by Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995) (finding that the United States has not waived its sovereign immunity in actions for defamation). Under the doctrine of sovereign immunity, the United States is immune from all suit, unless it expressly waives this immunity. Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). The FTCA partially waives that immunity, but not with respect to claims of defamation.

## IV. CONCLUSION

Plaintiff's failure to exhaust her administrative remedies bars her claims in this Court. Accordingly, Defendant's Motion to Dismiss will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 18th day of April, 2019.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE